UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**GENE and MARGARET TAYLOR**                                                      **PLAINTIFFS**


**V.**                                                  **CIVIL ACTION NO.1:06CV009 LTS-RHW**


**STATE FARM FIRE AND CASUALTY COMPANY, ET AL.**            **DEFENDANTS**



**MEMORANDUM OPINION**

The Court has before it Defendant State Farm Fire and Casualty Company's (State Farm) motion to dismiss the complaint under F.R.Civ.P. 12(b).  For the reasons set out below, this motion will be denied.

This is an action for property damage sustained during Hurricane Katrina.  Plaintiffs Gene and Margaret Taylor (the Taylors) own a residence at 814 North Beach Road, Bay St. Louis, Mississippi.  This property was insured under a State Farm homeowners policy (policy number 24-E1-4401-1) that was in effect at the time of the storm.  This policy insured against windstorm damage, but not against water damage, as defined in the policy.

The insured property was severely damaged in the storm.  The complaint alleges that the damage was caused by "hurricane wind, rain, and /or storm surge from Hurricane Katrina." (Complaint, Paragraph 15) The complaint asserts a variety of claims and causes of action under several different legal theories.

Defendants contend that the plaintiffs have failed to state a claim upon which relief can be granted.  I disagree.  To the extent the evidence adduced in support of the plaintiffs' claims establishes that there was an accidental direct physical loss to the insured dwelling (Coverage A) and a loss of personal property (Coverage B) caused by windstorm, a covered peril, they will have established a prima facie right of recovery under their State Farm policy.  To the extent that the evidence State Farm adduces establishes that these losses were attributable to a cause or to causes that were excluded under the terms of the policy, State Farm will establish its defenses to the plaintiffs' claims.

As I read and appreciate the coverage provisions of this policy, water damage attributable to the storm surge flooding during Hurricane Katrina is excluded from coverage, and wind damage that occurred during Hurricane Katrina is covered under the policy.  In accordance with well-established principles of Mississippi law, it is the question of causation that will determine whether any particular loss is covered by the policy or not.  *Grace v. Lititz Mutual Insurance Co.* 257 So.2d 217 (Miss.1972);  *Lititz Mutual Insurance Co. v. Boatner*, 254 So.2d 765 (Miss.1971).

Plaintiffs have asserted a number of legal theories in support of their right of recovery.  At this juncture, in deciding State Farm's motion to dismiss, I must accept as true all of the allegations of the complaint, and I must decide whether the Taylors could prove any set of facts that would establish their right of recovery.  *Conley v. Gibson*, 355 U.S. 41 (1957).  Under this standard, I find that the motion to dismiss must be denied.

An appropriate order will be entered.

**DECIDED** this 24th day of August, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge